UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| KENDRICK HARDIMAN,<br>    #0906463 | )<br>)<br>) | |
|     Plaintiff, | ) | 2:10-cv-01853-RLH-LRL |
| vs. | )<br>) | **ORDER** |
| REX REED, *et al.*, | )<br>) | |
|     Defendants. | ) | |

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* is granted (docket #1). The court now reviews the complaint.

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a

constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint

with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

## II. Instant Complaint

Plaintiff, who is incarcerated at Clark County Detention Center, has sued the following Northern Nevada Correctional Center ("NNCC") personnel: Offender Management Division ("OMD") head Rex Reed, Associate Warden of Programs Tony Korda, head caseworker Paul Hospung, unit caseworker Marcie Grey, and Doe records and timekeeper specialist in the OMD. Plaintiff claims that he was illegally detained at NNCC for 137 days after the expiration of his sentence. Plaintiff alleges violations of his Eighth and Fourteenth Amendment rights. However, plaintiff's claim sounds in a state law tort claim for false imprisonment; it does not implicate his constitutional rights. *See, e.g., Cousins v. Lockyer*, 568 F.3d 1063, 1066 (9th Cir. 2009); *Streit v. County of Los Angeles*, 236 F.3d 552, 563 (9th Cir. 2001). Accordingly, plaintiff's complaint fails to state a claim for which relief may be granted; it is dismissed with prejudice and without leave to amend as it is clear from the face of the complaint that amendment would be futile.

## III. Conclusion

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (docket #1) without having to prepay the full filing fee is **GRANTED**; plaintiff shall not be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the

1 issuance of subpoenas at government expense.

2 **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the
3 Prisoner Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay to the Clerk
4 of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the
5 account of Kendrick D. Hardiman, **Inmate No. 0906463** (in months that the account exceeds $10.00)
6 until the full $350 filing fee has been paid for this action.  The Clerk shall send a copy of this order to
7 the attention of Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons, P.O.
8 Box 7011, Carson City, NV 89702.

9 **IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise
10 unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the
11 Prisoner Litigation Reform Act of 1996.

12 **IT IS FURTHER ORDERED** that the Clerk shall **FILE** the complaint (docket #1-1).

13 **IT IS FURTHER ORDERED** plaintiff's complaint is **DISMISSED** with prejudice for
14 failure to state a claim for which relief may be granted.

15 **IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close
16 this case.

19             DATED this    22nd    day of         December        , 2010.

22                                          _____
                                            ROGER L. HUNT
23                                          Chief United States District Judge

4